FILED

2013 MAY 16 PM 3: 23

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
ex rel. PATRICIA HOPSON,

   Plaintiff,

v.                                                          CASE NO.: 6:13-cv-775

AIR IDEAL, INC., KIM AMKRAUT,
and MITCHELL AMKRAUT,

   Defendants.

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

Relator Patricia Hopson by and through her counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendants Air Ideal, Inc., Kim Amkraut and Mitchell Amkraut, and alleges as follows:

### NATURE OF ACTION

1. Relator brings this action on behalf of the United States of America against Defendants for Defendants' violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the False Claims Act, 31 U.S.C. § 3729, *et seq.* This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1331.

3. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because the acts proscribed by 31 U.S.C. § 3729, *et seq.* and complained of herein took place in this District.



Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because at all times material hereto, Defendants transact and transacted business in this District.

## PARTIES

4. Relator Patricia Hopson is a citizen of the United States and a resident of the State of South Carolina. From September 2009 through March 18, 2013, Relator was an employee of Pavkov Contracting Company, a competitor of Defendants. Part of Relator's primary job duties as Project Coordinator was to monitor competitors' bidding activity.

5. Relator is an original source of this information to the United States. She has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the United States Government before filing this action under the False Claims Act.

6. Defendant Air Ideal, Inc. ("Air Ideal") is a privately-held Florida Corporation with its principal place of business at 324 Grey Owl Run, Chuluota, Florida 32766. Defendant Mitchell Amkraut is the President of Air Ideal. Defendant Kim Amkraut is the CFO of Air Ideal.

7. Upon information and belief, Mitchell and Kim Amkraut are the owners of Air Ideal.

8. Air Ideal is an alter ego for Kim and Mitchell Amkraut and a sham corporation used to facilitate fraud against the Government and shield the Amkrauts from liability for their fraudulent actions.

9. The United States of America administers the Historically Underutilized Business Zone ("HUBZone") program through the U.S. Small Business Administration, whereby certified HUBZone businesses are provided preferential access to federal procurement opportunities.

10. The HUBZone program was developed to encourage economic development in historically underutilized communities, typically areas of low median household incomes, high unemployment, or both.

11. Defendants fraudulently applied for and received HUBZone certification and used that certification to obtain the HUBZone program benefits, including HUBZone set-aside contracts.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

12. As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), Relator has provided to the Attorney General of the United States and to the United States Attorney for the Middle District of Florida a statement of all material evidence and information related to the Complaint. The disclosure statement is supported by material evidence known to Relator at the time of her filing establishing the existence of Defendants' false claims. The disclosure statement includes attorney-client communications and work product of Relator's attorneys and is submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in this litigation; therefore, the disclosure is confidential.

## GENERAL ALLEGATIONS

13. Air Ideal, Inc. ("Air Ideal") was incorporated in 2003, listing its principal place of business as 1593 Arrowroot Place, Oviedo, Florida 32765 ("the Oviedo Location"). Mitchell Amkraut was, and remains, Air Ideal's President. In 2004, Kim Amkraut became Air Ideal's CFO.

14. In 2005, Air Ideal moved its principal place of business to 324 Grey Owl Run, Chuluota, Florida 32766 ("the Chuluota Location"), where it remains today.

15. In 2010, Air Ideal applied for HUBZone certification, which it received on November 8, 2010.

16. One of the requirements for a business to become HUBZone certified is that the business's principal office must be located in a HUBZone.

17. Neither the Oviedo Location nor the Chuluota Location is in a HUBZone.

18. Air Ideal's website - airidealinc.com/ - falsely indicates that its principal place of business is the N. Orange Avenue location, and that the Chuluota address is merely a mailing address.

19. On information and belief, in Air Ideal's application for HUBZone certification, Defendants fraudulently listed 37 N. Orange Avenue, Suite 500, Orlando, Florida 32801-2459 ("the N. Orange Avenue Location") as its principal place of business. This location is in a HUBZone.

20. Due to Defendants' false representations that the N. Orange Avenue location was Air Ideal's primary place of business, Air Ideal was granted HUBZone certification.

21. Once Air Ideal became a HUBZone certified business, it received numerous benefits, including access to Government contracts set aside specifically for HUBZone businesses. As a HUBZone business Air Ideal also received a ten percent price evaluation preference for Government contracts, pursuant to which the price offered by a qualified HUBZone business is deemed to be lower than the price offered by another non-HUBZone business if the price offered by the qualified HUBZone business is not more than ten percent higher than the price offered by the otherwise lowest bidder. The federal Government has a goal of awarding three percent of all dollars for federal prime contracts to HUBZone businesses.

22. Air Ideal used its HUBZone certification to bid on and obtain at least six federal HUBZone set-aside contracts including the following:

   a. Contract INP11PC00615 for the Department of Interior, National Park Service on July 15, 2011, totaling $206,874.00;

   b. Contract HSCG8211CPMVA17 for the Department of Homeland Security, U.S. Coast Guard on August 5, 2011, totaling $1,168,172.00;

   c. Contract W9115112C0033 for the Department of Defense, on June 29, 2012, totaling $242,000.00;

   d. Contract HSCG8212CPACP05 for the Department of Homeland Security, U.S. Coast Guard, on July 24, 2012, totaling $2,594,868.00;

   e. Contract W9115112C0047 for the Department of Defense on August 27, 2012, totaling $187,000.00; and

   f. Contract W912313C0034 for the Department of Defense on March 14, 3013, totaling $1,219,000.00.

23. These six contracts total $5,617,914.00.

24. On information and belief, Air Ideal has been awarded several additional HUBZone set-aside contracts, totaling approximately five million dollars.

25. On June 5, 2012, Air Ideal bid on a HUBZone construction contract for the U.S. Coast Guard, solicitation number HSCG82-12-B-PACP05. The contract was awarded to Air Ideal.

26. Although the Abstract of Offers for the Coast Guard contract indicated that Air Ideal was located in Chuluota, Florida, Air Ideal's HUBZone profile indicated that its principal place of business was the N. Orange Avenue location, which was in a HUBZone.

27. Air Ideal also bid on HUBZone set-aside contracts DTFH71-12-C-00021 and HSCG82-11-B-PMVA17. Both bids listed the Chuluota location as its primary place of business.

28. The N. Orange Avenue location is occupied by Davinci Virtual Office Solutions ("Davinci").

29. Davinci does not rent permanent physical offices at their location. Instead, Davinci provides "virtual" office space and services such as rent-by-the-hour office facilities, mail forwarding, and a professional-looking lobby where businesses can have their name on a placard and meet clients.

30. Air Ideal's name is listed on the Davinci lobby placard, along with many other businesses, all supposedly located in "Suite 500."

31. Davinci advertises that one of its services is to provide an address for various licensing applications.

32. When Relator asked Davinci's manager, who had been in that position for nine years, whether she was familiar with Air Ideal, she did not recognize the name.

## COUNT I
## VIOLATION OF 31 U.S.C. § 3729(a)(1)(A)

33. Relator hereby incorporates the allegations set forth in paragraphs 1 through 32 by reference.

34. Defendants knowingly, or in reckless disregard or deliberate ignorance of the falsity of the information involved, knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval.

35. The U.S. Government was unaware of the falsity of Defendants' claims for payment or approval.

36. As a result of Defendants' fraudulent actions, the United States has suffered damages.

37. Relator has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## COUNT II
## VIOLATION OF 31 U.S.C. § 3729(a)(1)(B)

38. Relator hereby incorporates the allegations set forth in paragraphs 1 through 37 by reference.

39. Defendants knowingly, or in reckless disregard or deliberate ignorance of the falsity of the information involved, made, used, or caused to be made or used, false records and statements that were material to false or fraudulent claims for payment submitted to the federal Government.

40. The U.S. Government was unaware of the falsity of Defendants' records and statements and, in reliance on the accuracy thereof, paid Defendants.

41. As a result of Defendants' fraudulent actions, the United States has suffered damages.

42. Relator has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## COUNT III
## VIOLATION OF 31 U.S.C. § 3729(a)(1)(C)

43. Relator hereby incorporates the allegations set forth in paragraphs 1 through 42 by reference.

44. Defendants combined, conspired, and agreed together to defraud the United States by knowingly, or in reckless disregard or deliberate ignorance of the falsity of the information

involved, making, using, or causing to be made or used, false records and statements that were material to false or fraudulent claims for payment submitted to the federal Government.

45. Defendants also combined, conspired, and agreed together to defraud the United States by knowingly, or in reckless disregard or deliberate ignorance of the falsity of the information involved, knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval.

46. Defendants committed overt acts, as set forth above, in furtherance of that conspiracy, causing damage to the United States.

47. Relator has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for:

(a) Actual damages;

(b) Treble damages;

(c) Civil penalties of $11,000.00 per false claim that Defendants presented to the federal Government;

(d) Civil penalties of $11,000.00 per false record or statement material to a false or fraudulent claim made by, or caused to be made by, Defendants;

(e) Pre- and post-judgment interest;

(f) Attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and pursuing this case;

(g) Permanent injunctive relief to prevent any recurrence of the false claims for which redress is sought in this Complaint;

(h) That Relator be awarded the maximum amount allowed to her pursuant to the False Claims Act; and

(i) Any other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable of right before a jury.

Dated May 16, 2013

                                      Respectfully submitted,

                                      */s/ Jill S. Schwartz*
                                      Jill S. Schwartz, Attorney at Law
                                      Florida Bar No. 523021
                                      David Spalter, Esquire
                                      Florida Bar No. 966347
                                      655 W. Morse Boulevard, Suite 212
                                      Winter Park, Florida 32789-3745
                                      Telephone: (407) 647-8911
                                      Facsimile: (407) 628-4994
                                      JSchwartz@schwartzlawfirm.net
                                      DSpalter@schwartzlawfirm.net

                                      Mike Bothwell, Esquire
                                      Georgia Bar No. 069920
                                      Julie Bracker, Attorney at Law
                                      Georgia Bar No. 073803
                                      Jason Marcus, Esquire
                                      Georgia Bar No. 949698
                                      Bothwell Bracker, P.C.
                                      304 Macy Drive
                                      Roswell, Georgia 30076
                                      Telephone: (770) 643-1606
                                      Facsimile: (770) 643-1442
                                      Mike@bbv-law.com
                                      Julie@bbv-law.com
                                      Jason@bbv-law.com

## VERIFICATION

Personally appeared before the undersigned, Patricia Hopson, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, consisting of paragraphs 1 through 47 inclusive, are true and correct to the best of her knowledge, information and belief.

_____
PATRICIA HOPSON

STATE OF SOUTH CAROLINA )
COUNTY OF Sumter )

The foregoing instrument was acknowledged before me this 16 day of May, 2013, by Patricia Hopson, who is personally known to me or who has produced SC Drivers License as identification, and who did take an oath.

_____
Notary Public – State of South Carolina at Large
My Commission Expires: 04-09-2023

